Filed 1/25/21  P. v. Murphy CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARTELL LATROY MURPHY,<br><br>    Defendant and Appellant. | B304212<br><br>(Los Angeles County<br>Super. Ct. No. SA099808) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge.  Affirmed.

Glenn L. Savard, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Martell Latroy Murphy appeals from the judgment of conviction. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal. We have reviewed the record, conclude the record reveals no arguable issue on appeal, and thus affirm.

## PROCEDURAL BACKGROUND

By information filed June 26, 2019, the People charged defendant with two counts of second degree robbery. (Pen. Code,[1] § 211.) The People alleged that with respect to each robbery, defendant personally used a firearm within the meaning of section 12022.53, subdivision (b). The People alleged that both robberies were serious felonies. The People alleged defendant suffered two serious and/or violent offenses within the meaning of the "Three Strikes" law (§§ 667, subd. (d) & 1170.12, subd. (b)). The People alleged two prior serious or violent felonies within the meaning of section 667, subdivision (a)(1).[2] The People also

---

[1] All statutory citations are to the Penal Code.

[2] Section 667, subdivision (a)(1) provides: "Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." "Senate Bill No. 1393 (2017–2018 Reg. Sess.) amended section 667 to give trial courts discretion to strike five-year sentencing enhancements based on

alleged three prior felonies for which defendant did not remain free from prison custody for a five year period (§ 667.5, subd. (b)).[3]

Prior to trial, the trial court granted the People's motion to dismiss one count of robbery in furtherance of justice.

Jurors found defendant guilty of one count of second degree robbery and further found that defendant personally used a firearm within the meaning of section 12022.53, subdivision (b).

Defendant waived his right to a jury trial on the priors. The court concluded that defendant suffered two prior serious and/or violent felonies and that the offenses also fell within the ambit of section 667, subdivision (a)(1). The court concluded that the People did not prove that defendant suffered a prior offense for which he did not remain free from prison custody for five

_____

prior serious felony convictions." (*People v. Taylor* (2020) 43 Cal.App.5th 1102, 1113.)

[3] Section 667.5, subdivision (b) provides: [W]ith an exception not relevant here, "where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code, provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended."

years (§ 667.5, subd. (b)).[4]  The trial court exercised its discretion to strike both section 667, subdivision (a)(1) enhancements.  The trial court granted defendant's oral *Romero*[5] motion and sentenced defendant as a second-strike offender rather than a third-strike offender.

The court ordered defendant to serve a 20-year determinate prison term, consisting of a five-year robbery sentence doubled pursuant to the Three Strikes law and a 10-year enhancement pursuant to section 12022.53, subdivision (b).  The court sentenced defendant to the high term for robbery because he was unsuccessful on parole.  The court ordered defendant pay $8,494.10 in restitution to the victim.  Defendant timely appealed from the judgment of conviction.

## FACTUAL BACKGROUND

On December 10, 2018, defendant and his confederate entered Baby Doll Luxury Hair, a store that sold hair extensions. Defendant was holding a gun.  Both defendant and his confederate ordered the store clerk to open the cash register. Defendant took cash from the cash register.  Defendant's confederate took merchandise from the store.  The store clerk identified defendant at trial as the person holding the gun.  She

---

[4]  Although appellate counsel states the trial court found true that defendant "suffered a prior prison term," the record indicates that the court found the section 667.5, subdivision (b) enhancements not true.  The abstract of judgment confirms that the trial court did not add a one-year enhancement pursuant to section 667.5, subdivision (b).

[5]  (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)

4

heard defendant tell a handyman "something like, 'Don't be a hero.' . . . " The store clerk also identified defendant in a six pack photographic lineup prior to trial.

Detective Shaun Kemp received an anonymous tip identifying defendant as one of the robbery perpetrators. Kemp subpoenaed records from an Instagram account that he believed belonged to defendant. Messages in the account referred to defendant's name, and the account included pictures of defendant. One message on the Instagram account read "I got hair. . . . But keep it on the low." That message was posted the day after the robbery at Baby Doll Luxury Hair. A few days later, another message on the Instagram account read "I got some hair." The same Instagram account had an advertisement for hair extensions using the unique description that the owner of Baby Doll Luxury Hair used.

## DISCUSSION

Defendant's counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 identifying no issue. This court advised defendant of the opportunity to file a supplemental brief. He filed none.

We have reviewed the record and find no arguable issue. Appointed counsel has fully complied with counsel's responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The judgment is affirmed.
<u>NOT TO BE PUBLISHED.</u>


                                    BENDIX, Acting P. J.


We concur:



        CHANEY, J.



        FEDERMAN, J.*


_____

    **\*** Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.